JAMES B. COLT, Appellant, v. ISRAEL G. BEAUMONT, Respondent.

*Mistake—Specific Performance.*—When a contract for the sale of land had been executed by the vendor by his delivery of a deed to the purchaser, in which the grantee was misdescribed by the name of *John,* when his true name was *James,* the vendee was not entitled to bring his action to enforce a specific performance of the contract, but should have filed his petition in equity to correct the mistake in the deed in the description of the grantee.

*Practice, affirmative.*—The party upon whom the issues in the case throw the burden of proof, should be required to proceed first with his proofs at the trial of the cause.

*Appeal from St. Louis Land Court.*

The facts are sufficiently stated in the opinion of the court.

*N. Holmes,* for appellant.

I. This being a suit in equity, the court will look into the

whole record and the evidence to see if there be error in the decree.

II. The answer admitted the affirmative allegations of the petition ; the affirmative of the issue made by the answer in setting up a defence, and the burden of proof thereon, rested with the defendant. (1 Greenl. Ev. § 74 ; Gres. Eq. Ev. 388, " *ei incumbit probatio qui dicit, non ei qui negat.*" Wells v. Pike, 31 Mo. 590.)

III. It appearing by evidence *aliunde* that there is a mistake in the name of the grantee, and that the grantee intended is not named nor described in the deed, the instrument becomes inoperative and void as a grant to James B. Colt, the plaintiff. 4 Cruise, Dig. Tit. 32 Deed, ch. 21, § 10–13, p. 261 ; 2 Green. Ed. 327, and *n.* 1 & 2; Garnett v. Garnett, 7 Mon. 545; Hill v. Leonard, 1 Pick. 27, " it is essential to the validity of a grant that the parties be named in a deed, or plainly designated, so as to distinguish them from all others." (1 Green. Ev. § 287–90 ; 1 Cro. El. 328 ; Jackson v. Stanly, 10 J. R. 133 ; Arthur v. Weston, 22 Mo. 378 ; Shep. Touch. 253–7 ; Williams v. Carpenter, 28 Mo. 453.)

IV. In case of deeds, when the efficacy of the transaction depends upon the instrument itself, if it be written *John* and signed *William*, it is said to be void at law for uncertainty. (1 Green. Ev., § 69, *n.* 3 ; Williams v. Bryant, 5 Mee. & W. 477, 455, citing Dyer, 279; 1 Stark Ev. 413; Gould v. Barnes, 3 Taunt. 504.)

V. To allow parol evidence to show that John B. Colt really meant James B. Colt, would be to allow parol evidence to introduce new words into a deed in place of those which are there written, and this cannot be done. (4 Cruise, Dig. 2 Green. Ed. 296, *n.* 1, and 297, *n.* 1.)

VI. By the terms of the contract the plaintiff was entitled to have a good and perfect deed, and was not bound to accept an imperfect deed, nor one that required a suit to be brought to correct a mistake.

VII. The effect of the sale under the deed of trust can

only be to vest back in the defendant whatever title, if any, passed out of him by the deed; and on the filing of this petition the parties stood in the same condition as if no deed had ever been made. But the plaintiff having paid his money and given his notes, is still entitled to have a good and sufficient conveyance of the property to himself. Even if the defendant has put it out of his power to convey the property now, he should still be made to give a good warranty deed, on which damages could be recovered, if the title has been conveyed to another. (Craigs v. Stillwell, Litt. Sel. C. 285; De Riemer v. Cantillon, 4 J. C. R. 85; Blessing v. Beatty, 1 Rob. Va. 287.)

*Buchannan*, with *Glover* and *Shepley*, for respondent.

I. The court below did not err in requiring the plaintiff to support his claim by evidence. Parties asking the aid of a court of equity, must not only come with clean hands, but with the merits of a good and valuable consideration paid, or an offer to perform all that they are required to do by the contract. (2 Sto. Eq. Ju. § 771, 776; Thorp v. McCullum, 1 Gilm. 614; Delassus v. Poston, 19 Mo. 425, 429; Lea v. Chouteau, 23 Ill. 39.)

II. The error did not prejudice plaintiff's case, if error it were. (McDermott v. Barnum, 19 Mo. 204; Craighead v. Wells, 21 Mo. 404.)

III. The plaintiff received and gave deeds in which he was named John B. Colt, and he thereby made that name his own, and is estopped from denying that to be his name. (5 Bac. Abr. 593; 3 Chit. Pl. 1143; Bonner v. Williamson, 3 Taunt. 503; Saline v. Johnston, 1 Bos. & Pul. 60 Sto. Prom. Notes, § 121; 6 Wend. 443; 1 Mood. & M. 516.)

The name is only a means of identifying the person, and the misnomer of which he complains did not entitle him to a decree in his favor. (Garner v. Stiles, 14 Pet. 332; Franklin v. Talmadge, 5 J. R. 84; Smith v. Ross, 7 Mo. 463; 7 Mo. 606.)

IV. If he had any right to correct the mistake complained

of in a court of equity, he had lost that right before filing his petition. (2 Sto. Eq., § 77, 776 ; Bruggeman v. Jurgensen, 24 Mo. 87.)

The specific performance of a contract is not a matter of course, but is in the sound discretion of a court of equity. (2 Sto. Eq., § 736 ; Dunnett v. Hoop, 8 Mo. 374; Southworth v. Hopkins, 11 Mo. 331.) It cannot be maintained on the sole ground of payment of part of the purchase money. (Parker v. Leewright, 20 Mo. 85.)

DRYDEN, Judge, delivered the opinion of the court.

This was a proceeding in the nature of a bill in equity for the specific execution of a contract for the sale of land. The petition charged that the defendant sold to the plaintiff certain real estate in the city of St. Louis for the price of $6,412.50, one third to be paid in cash and the remainder on credit, to be secured by the notes and deed of trust of the plaintiff on the property. Defendant, to make a deed for the property when the cash payment was made, averred the making of the cash payment and the giving of the notes and deed of trust by plaintiff; averred his readiness and willingness to pay the deferred payment at maturity, but charges that the defendant had " neglected and refused, and still neglects and refuses to convey the lots of ground, or any of them, to the plaintiff, although often requested." The answer of the defendant admits the sale upon the terms stated in the petition, but avers performance of the agreement on the defendant's part by making and delivering a deed for the property to the plaintiff, describing plaintiff therein by the name of John B. Colt. Also, averred that in the deed of trust made by the plaintiff he described himself by the name of John B. Colt; that plaintiff received the deed made by defendant and made no objections to it until after the deferred payments had become due ; that on plaintiff's making the objection to the deed, the defendant offered to make plaintiff a new deed to correct the mistake if plain-

tiff would pay the notes then due, or even the interest, but that he refused to do so, and that thereupon the trustees in the deed of trust proceeded to sell, and did sell, the trust property, which was purchased by defendant, but a large portion of which he had sold to strangers before the institution of the suit.

On the trial the evidence showed that the name of the plaintiff was *James* B. Colt, not John B. as described in the deed; and in every material respect sustained the allegations in the answer. The court found for the defendant and dismissed the plaintiff's petition. The usual motion for new trial was presented and overruled, and exceptions taken, and the case brought here by appeal. The finding of the court is fully sustained by the law and the evidence. This is no case for a bill for the specific execution of a contract. It cannot, in fairness, be said, as the petition assumes, that the contract of sale was open and unexecuted, although the deed of the plaintiff was made in the wrong name, and, in that respect, materially defective. It was such a document as a court of equity, in a proper case, would, by the exertion of its reformatory power, put in shape and impart validity to. If the plaintiff could have maintained an action at all under the facts as they existed at the time of the institution of the suit, it should have been an action to reform the deed already made, and not an action for a new conveyance. The issues in the case threw upon the defendant the burden of proof, and regularly he ought to have been required to proceed first with his proofs, but the court below ruled otherwise, to which the plaintiff excepted. As a question of practice, we think the court erred; but inasmuch as, in the view we have taken of the case, the error could do him no harm, we are not warranted in reversing for that cause.

The judgment is affirmed, the other judges concurring.